**[Cite as *State v. Crossley*, 2016-Ohio-3196.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :    C.A. CASE NO. 2015-CA-60
                                                 :
v.                                               :    T.C. NO. 14CR427
                                                 :
JAMAR CROSSLEY                                   :    (Criminal appeal from
                                                 :     Common Pleas Court)
    Defendant-Appellant                          :
                                                 :
     . . . . . . . . . .

**O P I N I O N**

Rendered on the ____27th____ day of _____May_____, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty, Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BRANDON CHARLES McCLAIN, Atty. Reg. No. 0088280, P. O. Box 584, Dayton, Ohio 45401
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

    **{¶ 1}** Defendant-appellant, Jamar L. Crossley, appeals his conviction and sentence for one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree; one count of possession of heroin, in violation

of R.C. 2925.11(A), a felony of the fourth degree;[1] and one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), a felony of the fourth degree. Crossley filed a timely notice of appeal with this Court on June 9, 2015.

{¶ 2} The incident which forms the basis for the instant appeal occurred on May 22, 2014, when Springfield Police Department Officer Meredith Freeman was dispatched to a residence located at 509 East Norman Avenue in Springfield, Ohio, regarding a report of a man attacking a woman. Upon arriving at the location, Officer Freeman observed a black vehicle pull up to the residence. Officer Freeman observed three or four men exit the vehicle and walk to the front porch of the residence to which she had been called. Officer Freeman made contact with the owner and was questioning him when she observed one of the men on the porch, later identified as Crossley, leave the porch and walk over to a chain link fence which separated the properties located at 509 East Northern Avenue and 475 East Northern Avenue. Officer Freeman testified that she did not observe Crossley with a firearm, but when he reached the fence, she heard "something hit the fence, mak[ing] a clang sound." Crossley then walked back to the porch.

{¶ 3} Springfield Police Officer Deric Nichols arrived at the scene just in time to observe Crossley as he left the porch and walked over to the fence. Officer Nichols made contact with Officer Freeman and inquired as to what Crossley was doing over by the fence. Officer Freeman walked over to the area of the fence where Crossley had been standing and observed a Glock 17, nine millimeter handgun, with a thirty-round

---

[1] We note that on December 12, 2014, Crossley pled guilty to possession of heroin, but he decided to go to trial on the remaining counts of carrying a concealed weapon and having a weapon while under disability.

magazine lying next to it. Upon further investigation, Officer Freeman observed that the handgun had a round in the chamber. Officer Freeman testified that she had not observed anyone else in the area where Crossley had been standing and where she located the handgun and the magazine.

{¶ 4} Officer Freeman motioned to Officer Nichols that she had found a gun. Officer Nichols immediately arrested Crossley and placed him in handcuffs while Officer Freeman put on gloves and collected the handgun and the magazine. Upon performing a search incident to the arrest, Officer Nichols found several .45 caliber rounds in Crossley's cargo pants pocket.

{¶ 5} On June 30, 2014, Crossley was indicted for having a weapon under disability, possession of heroin, and carrying a concealed weapon (CCW). At his arraignment on July 15, 2014, Crossley pled not guilty to the charged offenses. As previously discussed, on December 12, 2014, Crossley pled guilty to possession of heroin as charged in Count II of the indictment. Crossley, however, elected to have a jury trial with respect to the remaining two counts.

{¶ 6} Crossley's jury trial was held on May 27, 2015. In addition to the testimony of Officers Freeman and Nichols, the State presented the testimony of forensic scientist Robin Ladd who is employed at the Latent Print Division of the Ohio Bureau of Criminal Investigation (BCI). Ladd testified that she examined the handgun for latent fingerprints after it was sent to the BCI. Ladd testified that she discovered a partial print on the handgun that was sufficient to make a comparison to the fingerprint card taken from Crossley. Upon examination, Ladd testified that Crossley's left ring finger was found to match the partial print taken from the handgun found by Officer Freeman at the scene of

the incident.

{¶ 7} Crossley was ultimately found guilty of having a weapon while under disability and CCW. The trial court ordered that a pre-sentence investigation report (PSI) be prepared by the adult probation department. Thereafter, on June 3, 2015, the trial court sentenced Crossley to 30 months imprisonment for having a weapon while under disability, 15 months for CCW, and 15 months for possession of heroin. The trial court ordered that the sentences for having a weapon while disability and CCW be served concurrent to one another but consecutive to the sentence imposed for possession of heroin, for an aggregate sentence of 45 months in prison.

{¶ 8} It is from this judgment that Crossley now appeals.

{¶ 9} Crossley's sole assignment of error is as follows:

{¶ 10} "MR. CROSSLEY WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW WHEN HE WAS CONVICTED AT TRIAL OF CARRYING [A] CONCEALED WEAPON WITHOUT SUFFICIENT EVIDENCE TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT."

{¶ 11} In his sole assignment, Crossley contends that the State failed to adduce sufficient evidence at trial that he committed the offense of CCW. Specifically, Crossley argues that his conviction for CCW was not supported by sufficient evidence because "the gun he was allegedly carrying was not concealed."

{¶ 12} A sufficiency-of-the-evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Under a sufficiency analysis, an appellate court does

not make any determinations regarding the credibility of witnesses. *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998), citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 13} The elements of carrying a concealed weapon are the following: "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following: * * * [a] handgun other than a dangerous ordnance." R.C. 2923.12(A)(2). CCW, in violation of R.C. 2923.12(A), is a felony of the fourth degree if the firearm was loaded or the offender had ammunition ready at hand. *See* R.C. 2923.12(F)(1). This court has described the test for concealment as follows:

"A weapon is concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it were it not concealed, who would come into contact with the possessor in the usual associations of life; but that absolute invisibility is not required." [*State v. Bailey*, 2d Dist. Greene No. 97CA128, 1998 WL 892276 (Aug. 21, 1998)]. "[T]he evident purpose of R.C. 2923.12(A) is to ensure that anyone who comes into contact with a person who is armed with a deadly weapon will be aware of

the fact that they are so armed. Thus aware, the individual can act with a heightened degree of prudence." *State v. Curry*, 2d Dist. Montgomery No. 15705, 1996 WL 665009, *2 (Nov. 15, 1996). In other words, if "the weapon is so situated as not to be discernible by ordinary observation by a person coming into close enough proximity to the bearer of the weapon to interact with the bearer in any meaningful way, then the weapon is concealed for purposes of the statute." *Id.*

*State v. Twinam,* 2d Dist. Montgomery No. 25153, 2013–Ohio–720, ¶ 28.

{¶ 14} In support of his argument that the handgun was not concealed for the purposes of R.C. 2923.12(A), Crossley cites to *State v. Dokes*, 9th Dist. Summit No. 21179, 2003-Ohio-728. In *Dokes,* the court found that the defendant's conviction for CCW was against the manifest weight of the evidence where the police officer testified that he observed the defendant tug and pull at his pants during a foot chase but did not see him remove a handgun from his pocket or other area of concealment. *Id.* at ¶ 16. The court also found that the State failed to adduce any testimony that the gun had been "concealed ready at hand." *Id.* The gun was later found by police officers laying on a pile of leaves near the route where the defendant had attempted to flee on foot. *Id.* at ¶ 22. Upon review, we find *Dokes* to be distinguishable from the instant case.

{¶ 15} When Officer Freeman was speaking with the owner of the residence located at 509 East Norman Avenue, she observed Crossley leave the porch and walk over to the fence. At that point, Officer Freeman testified that when she observed Crossley walking to the fence, he was not holding the handgun or displaying it in any way. Shortly after Crossley reached the fence, Officer Freeman heard a "clang sound." Officer

Freeman walked over to the area of the fence where Crossley had been standing and observed a handgun with a thirty-round magazine lying next to it. Upon further investigation, Officer Freeman observed that the handgun had a round in the chamber. Officer Freeman testified that she had not observed anyone else in the area where Crossley had been standing and where she located the handgun and the magazine.

{¶ 16} In reviewing sufficiency-of-the-evidence claims, courts must remain mindful that the elements of an offense may be established by direct evidence, circumstantial evidence, or both. *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960). Circumstantial and direct evidence are of equal evidentiary value. *See Jenks,* 61 Ohio St.3d at 272, 574 N.E.2d 492 ("Circumstantial evidence and direct evidence inherently possess the same probative value. In some instances certain facts can only be established by circumstantial evidence"). When reviewing the value of circumstantial evidence, we note that "the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence." *Donaldson v. Northern Trading Co.*, 82 Ohio App.3d 476, 483, 612 N.E.2d 754 (10th Dist.1992).

{¶ 17} Accordingly, we conclude that the State adduced sufficient evidence to support Crossley's conviction for CCW. Specifically, the State established that Officer Freeman was not able to observe the handgun as Crossley walked over to the fence after leaving the porch. Because Officer Freeman could not see the handgun, it is reasonable to infer that Crossley had concealed it on or about his person before walking over to the fence where he discarded it and where it was soon after discovered. Therefore, the record establishes that the gun was so situated as to not be discernible by ordinary

observation by a person in close proximity to Crossley while interacting with him in a meaningful way.    The test for concealment is satisfied.

{¶ 18} Crossley's sole assignment of error is overruled.

{¶ 19} Crossley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Brandon Charles McClain
Hon. Richard J. O'Neill